292 So.2d 189 (1974)
STATE of Louisiana, Appellee,
v.
Lawrence ODOM, Jr., Appellant.
No. 54113.
Supreme Court of Louisiana.
March 25, 1974.
Murphy W. Bell, Director, Woodson T. Callihan, Jr., Trial Atty., Baton Rouge, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Lennie F. Perez, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to ten years at hard labor.
On defendant's appeal, he urges two errors: (a) the inadmissibility of an oral confession received into evidence (Bill No. 1); and (b) the failure to allow him access, during the trial, to the state's files, in order for him to ascertain whether material evidence was withheld from him (Bill Nos. 2 and 3).
As to (a):
Since the arrest without a warrant was by a police officer and based upon probable cause (the victim had from photographs *190 identified the accused as his robber), the arrest was legal. La.C.Cr.P. art. 213(3); State v. Johnson, 255 La. 314, 230 So.2d 825 (1970). See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327 (1959). Thus, the premise falls for the argument made that the oral confession was inadmissible as the product of an illegal arrest (Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)). (Further, the evidence shows the statement to have been freely and voluntarily given after full Miranda warnings and to be free of any coerciveness. See McCormick on Evidence, Section 156 (2d ed. 1972).)
The detectives testified to their full recollection of the oral confession and admissions made by the accused after his arrest. Since the accused had refused to tape or write his confession, the state could do no more. Despite the defendant's contention to the contrary, the fact that the detectives could not recall verbatim every facet of the interrogation and statement does not, under the circumstances, constitute a refusal by the state to produce the entirety of the confession and admissions, as required by La.R.S. 15:450.
As to (b):
At the conclusion of the State's case, the defendant moved for the state to allow him access to the police reports and prosecution files, alleging that otherwise he was being deprived of ascertaining whether evidence material to his defense was being withheld. The motion was based upon the holding of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), that an accused is denied due process if, after request, he is denied access to evidence favorable to him and material to guilt.
The trial court itself then inspected the state's police reports and prosecution file. It found that there was nothing contained therein which would be beneficial to the defendant or favorable to his defense. Under the present state of our discovery law, the defendant was entitled to no more, nor is he presently entitled to inspect such records or to have them made part of the record on appeal. See State v. Albert Thomas, 290 So.2d 317 (decided February 18, 1974).
Conclusion:
We therefore find no merit to the defendant's bills of exceptions. Accordingly, the conviction and sentence are affirmed.
Affirmed.