309 So.2d 271 (1975)
STATE of Louisiana
v.
Joseph G. TERRACINA.
No. 55398.
Supreme Court of Louisiana.
February 24, 1975.
Rehearing Denied March 31, 1975.
*272 Donald R. Miller, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., R. Raymond Arthur, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant appeals from his conviction for possession of marijuana. R.S. 40:962. He was sentenced to six months in jail with all but ten days suspended and put on probation for two years. On appeal defendant urges two assignments of error, both of which raise the same issue. The basic contention is that the trial judge erred in refusing to grant the motion to suppress the evidence. Defendant has urged several different theories supporting his motion to suppress. We find that the procedures of the police were not unlawful and therefore affirm the trial judge's refusal to suppress the evidence.
On March 10, 1974 the defendant was driving his car in Natchitoches, Louisiana. Three companions were with the defendant. The car drove by a young girl and boy, at which point one of the occupants of the car placed his buttocks up to the window of the car and lowered his trousers. This action, called "mooning," is a prank similar in nature to "streaking." The children informed their father of this incident and as the defendant's car turned around to pass the children again, the father, who happened to be a lieutenant in the Natchitoches City Police Department, spotted the car and gave chase in his police vehicle. He followed the car for a considerable distance and, by radioing ahead for help, he was able to have other city police units set up a road block and stop the defendant's vehicle. The stop occurred approximately one mile south of the city limits on Highway 1. At the time of the stop the defendant was driving toward the city limits of Natchitoches. All four occupants of the car were placed under arrest for obscenity. R.S. 14:106(A). This crime is punishable by imprisonment in the parish jail for a period of up to one year. Under the laws of this State this crime is a misdemeanor because it is not a crime for which the offender can be sentenced to hard labor. R.S. 14:2.
The four arrested men were taken to the police station. Officer Silvie of the Natchitoches police waited with the defendant's car until the tow wagon could arrive to take it away. While waiting for the wagon he looked through the window of the car and observed what he thought to be marijuana seeds on the floor of the car. In accordance with the established procedure Officer Silvie called Officer Dison, one of the Natchitoches City Police narcotics officers. He arrived on the scene and confirmed Officer Silvie's suspicions.
Officer Dison did not enter the car. He went directly downtown to the police station and arrested the defendant for possession of marijuana. He then asked the defendant to sign a consent to search form for both his car and his apartment. Officer Dison informed the defendant of his right to refuse to sign the form but also informed him that they could get a warrant issued if it was necessary but that this would delay the defendant's release on bond. Defendant signed the form, accompanied the officers to his apartment and showed them where he had hidden some marijuana.
Defendant first contends that the original arrest of the four youths was illegal because the officers were outside of their territorial jurisdiction. This contention is without merit.
Under the Louisiana Code of Criminal Procedure a police officer can make an arrest without a warrant if he has reasonable grounds to believe that the person to be arrested has committed an offense. C.Cr.P. 213(3). In this case Lt. Maggio had reasonable cause to believe that the *273 men in the car had committed an offense when his son and daughter told him about the "mooning."
In 1972 art. 213 was amended to provide:
"A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this article may enter another jurisdiction in this state and make the arrest."
Thus, because Officer Maggio pursued the defendant directly from the scene of the crime to the point of arrest, he had authority under this article to arrest the subjects even though he was outside his territorial jurisdiction. The fact that he called other officers by radio to help with the arrest did not affect the legality of the arrest.
After the arrest for obscenity the four youths were taken downtown. It was at this point that Officer Silvie first discovered what he thought to be marijuana gleanings on the front seat of the car. This marijuana was in "plain view." Officer Silvie did not enter the car. He called Officer Dison who confirmed that this was marijuana. Officers Silvie and Dison both observed the marijuana from a point where they legally had a right to be. They then obtained the defendant's consent to search both his car and his apartment. Defendant argues that the officers did not see the marijuana in "plain view." Both officers testified that they observed the marijuana from outside of the car. Both officers testified that they did not enter the car until after the permission to search was obtained. Observation of contraband from a position where the police officer has a right to be is not a search. When an officer observes obvious contraband, from a place where he has a legal right to be, he would be remiss in his duties if he did not take appropriate action to seize the contraband and arrest the violator. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). In this case Officer Dison acted properly in arresting the defendant and obtaining his permission to search the car.
Defendant next contends that the arrest of the defendant in this case was illegal because there was no probable cause to believe that he had committed the crime of obscenity. Defendant was the driver of the car so it is quite obvious that he did not personally "moon" the teenagers. However, there was ample reason to believe that the defendant was a principal in the commission of the offense. R.S. 14:24. As a principal defendant was subject to arrest just as if he had personally committed the act itself.
Defendant argues that the search of the car was illegal under this court's opinion in the case of State v. Hargiss, 288 So.2d 633 (La.1974).
This contention is without merit. In this case Officer Dison obtained the permission of the defendant to search the car. Officer Dison properly informed the defendant that he had a right to refuse to give his permission to the search. The defendant was cooperative. He gave his permission to the search and then actually led the officers to some hidden marijuana in his apartment. The original arrest of the defendant was lawful. The subsequent observation of the marijuana was lawful. The search based on the consent of the defendant was lawful. The motion to suppress the evidence was properly denied and the evidence was properly admitted at trial.
The second assignment of error was based on the trial judge's denial of a motion for a new trial. The only point raised by defendant in his motion for a new trial is identical with the issue raised by the motion to suppress. The motion for a new trial was properly denied.
Accordingly, the conviction and sentence of the defendant are affirmed.