337 So.2d 498 (1976)
STATE of Louisiana
v.
Clarence RANDOLPH.
No. 57731.
Supreme Court of Louisiana.
September 13, 1976.
*499 Philip E. O'Neill, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant, Clarence Randolph, was charged by bill of information with the crime of simple burglary in violation of R.S. 14:62. After a jury trial the defendant was found guilty and subsequently sentenced to six years imprisonment. On appeal he relies on one assignment of error relating to the trial judge's ruling denying his motion to suppress the evidence.
On September 13, 1973 Officer Leroy Smith of the New Orleans Police Department received a call to the effect that something suspicious was going on at a residence on Haynes Boulevard. He arrived at the scene, talked to the person who had phoned in about the suspicious activity, and began to investigate. While in the backyard of the residence, he saw two men emerge from the house carrying off certain items. He managed to arrest one man at the scene, while the other, later identified as the defendant, made off into an alley, after throwing a camera and a screwdriver to the ground. Officer Smith then broadcast over the police radio a description of the man that escaped, stating he was a tall black man wearing a brightly colored striped shirt, either red or orange.
Officers Richard Marino and Marcal David of the New Orleans Police Department picked up Officer Smith's broadcast on their police radio and started driving around near the scene of the crime looking for the suspect. At the intersection of Haynes Boulevard and Downman Road, they came upon a levee board police car in which they saw riding as a passenger a tall black man wearing a striped orange shirt. Officers Marino and David stopped the levee board car and questioned the occupants.
The levee board policeman had not heard Officer Smith's broadcast concerning the burglary. Rather, he had had a call concerning a suspicious person hanging around near the Lakefront Airport, and had stopped the defendant for questioning. Finding no reason to hold him, the levee board policeman was in the process of giving defendant a ride to a bus stop when the New Orleans policemen intervened.
The officers noticed the defendant was wet, and ascertained from the levee board policeman that the distance from the scene of the burglary to the intersection was only about one block, by way of a canal. The officers arrested the defendant for burglary, and in the course of a search of his person, found two ladies' scarves, a flash cube and some masking tape, later identified (except for the tape) as items belonging to the owner of the burglarized residence.
The defendant contends that the police had no probable cause to arrest him, and, therefore, the search of his person was invalid. We cannot agree.
C.Cr.P. 213(3) provides:
"A peace officer may, without a warrant, arrest a person when:
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense although not in the presence of the officer; or . . ."
Probable cause exists when the facts and circumstances known to the arresting officer, and of which he has reasonably trustworthy information, are sufficient to justify a person of ordinary caution in believing that the person to be arrested has committed a crime. State v. Gilmore, 323 So.2d 459 (La.1975). While mere suspicion is not sufficient to justify an arrest, the officer need not have sufficient proof to convict. State v. St. Amand, 274 So.2d 179 (La.1973).
In the instant case the officers had probable cause to arrest the defendant. They had received a report of a burglary in their vicinity and a description of the suspect *500 as a tall black man wearing a striped orange shirt. This information came from a fellow officer who had personally observed the defendant as he ran out of the house. They saw such a suspect in a levee board car in the vicinity of the crime. Good police work dictated that the officers stop the levee board car to further investigate. Upon being informed by the levee board policeman that he had picked up the suspect just a few minutes earlier about one block, by way of a canal, from the residence, and upon noticing that the suspect was wet, the officers properly arrested him for the burglary. The search of his person was a search incidental to a lawful arrest and therefore the seized items were admissible. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).
Accordingly, finding no merit in the assignment of error and finding no errors discoverable by a mere inspection of the pleadings and proceedings, the conviction and sentence are affirmed.