376 So.2d 139 (1979)
STATE of Louisiana
v.
Roger Dale MENDOZA.
No. 64564.
Supreme Court of Louisiana.
October 8, 1979.
*140 Phil Breaux, St. Gabriel, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, David Miller, Asst. Dist. Attys., for plaintiff-appellee.
CALOGERO, Justice.
The defendant Roger Mendoza was arrested on November 2, 1977, in East Baton Rouge Parish and charged with possession of cocaine. A motion to suppress evidence was denied, whereupon Mendoza, the defendant, entered a plea of guilty while reserving his right to have reviewed on appeal the ruling of the trial judge denying the motion to suppress the cocaine. State v. Crosby, 338 So.2d 584 (La.1976).
Mendoza was arrested while attempting to leave a parking lot in his brown pick-up truck. His truck and a toolbox on the back of the truck were searched for marijuana, but the officers found only a film canister on the floorboard containing a small amount of a substance later determined to be cocaine. The officers also found a small amount of cocaine on Mendoza's person, but it was not clear from the state's testimony whether this cocaine found on Mendoza's person was seized at the scene of the arrest or later, at the police station.
Defendant contends that the trial court erred in finding that the East Baton Rouge Parish Sheriff's Officers had probable cause for his arrest, probable cause for the search of his vehicle, and exigent circumstances which obviated the necessity for their securing a search warrant. We do not reach the latter two issues, because we agree with the defendant that the arrest was made without probable cause.
Deputy Jay Thompson of the East Baton Rouge Parish Sheriff's Office received information from a confidential informant that Ricky Lacoste and Dee Dee Ellender were being supplied with large quantities of marijuana by the defendant, Roger Mendoza. The confidential informer had not previously given information which had resulted in a conviction or arrest. The informer stated that Mendoza supplied the marijuana out of the toolbox on the back of his brown pick-up truck. The Deputy was told by the informer that Lacoste and Ellender would rent a car, store the marijuana in the car, and drive the car to a public parking area.
*141 The informer did not state that he had seen the marijuana, or that he had purchased marijuana from any of the parties. The informer's information had allegedly been verified by other officers, but Deputy Thompson's testimony did not indicate how the information from the confidential informer was verified.
Based on the information received from the confidential informant, officers staked out the Lacoste-Ellender residence on November 1, 1977. At 7:00 a. m. a Chevrolet Impala parked at the Lacoste-Ellender residence. The officers checked the license plate number and discovered that the car had been rented by Lacoste on October 27, 1977, from Master Rent-A-Car. Around 9:30 a. m. Lacoste drove the rented Impala to a McDonald's restaurant located at Prescott and Airline Highway. He parked the car, locked it, and was picked up by Ellender, who drove back to their residence.
In the course of their surveillance of the rented vehicle on November 1st the officers observed Ellender and Lacoste driving through the McDonald's parking lot several times, checking on the vehicle without stopping. At 6:55 p. m. Ellender dropped off Lacoste at the McDonald's parking lot. Lacoste went inside, bought a coke, then drove the Impala back to his residence. The officers then pulled off their surveillance for thirty to forty minutes. Later that evening Deputy Thompson noticed a Chevrolet Impala driven by Lacoste pull into a shopping center. Lacoste parked the car and was picked up by Ellender, who drove them back to their residence. No one came near the Impala that night.
The next day the officers observed Lacoste and Ellender drive through the shopping center parking lot several times. At five or six o'clock that evening officers noticed defendant Mendoza's truck parked in front of the Ellender-Lacoste residence. Surveillance on defendant's truck was then set up.
Around 7:30 p. m. that evening Ellender and the defendant Mendoza got into defendant's truck and drove to a convenience store to use the telephone. They stayed about five minutes before driving to the shopping center where the rented car was parked. Defendant dropped Ellender near the rental car and was proceeding to leave the parking area. While Ellender was attempting to enter the rented vehicle the officers moved in, stopping Ellender near the Impala and the defendant Mendoza in his truck. Deputy Thompson stated that the authorities moved at this time because they believed that a transaction was taking place.
After detaining Ellender and defendant Mendoza the officers searched the Impala and Mendoza's truck. One hundred pounds of marijuana was found in the trunk of the Impala. A search of the defendant's truck and the toolbox on back of the truck yielded no marijuana, but the officers found a film canister containing a small amount of cocaine on the truck floorboard, and a small amount of cocaine on the defendant's person, also in a film canister. Deputy Thompson stated on direct examination that the cocaine found on Mendoza's person was found at the scene, but under cross-examination he stated that this container found on Mendoza's person was discovered after the defendant was taken to the police station.
A warrantless arrest like a warrantless search must be based on probable cause. State v. Thomas, 349 So.2d 270 (La. 1977); State v. Ranker, 343 So.2d 189 (La. 1977). Probable cause exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. Brinegar v. United States, 338 U.S. 160, 169 S.Ct. 1302, 93 L.Ed. 1879 (1949); State v. Marks, 337 So.2d 1177 (La.1976). While the officer need not have sufficient proof to convict, mere suspicion is not enough to justify an arrest. State v. Thomas, supra; State v. Wilkens, 364 So.2d 934 (La.1978).
In the present case the defendant was detained before the officers searched *142 the rental car, defendant's truck, and/or defendant's person. The officers' actions indicated that they intended to impose an extended restraint on defendant's liberty, i. e., arrest him. It is the circumstances indicating prolonged restraint on the liberty of the accused, rather than the timing of the statement "You are under arrest," that determines when an arrest has been made. State v. Sherer, 354 So.2d 1038, 1042 (La. 1978). Thus, the only issue here is whether the officers' arrest of Mendoza, the defendant, meets the objective standard of probable cause. State v. Wilkens, supra.
The officers relied on two sources of information in arresting the defendant: (1) the information provided by their confidential informant, and (2) the observations of the rental car and defendant's truck.
The confidential informant in this case had not given information in the past which had led to convictions or arrests. Deputy Thompson's testimony did not indicate how the informer knew that defendant was a drug supplier, or that the informer had ever seen marijuana in the defendant's truck, or in the toolbox on back of the truck. (In fact, no marijuana was found on the truck or in the toolbox.)
The only information about the defendant that was substantiated by police observation was that the defendant drove a brown truck and appeared to know Ellender. In contrast, the informant's information about Ellender and Lacoste was far more specific and was largely corroborated by police observation. The suspicions of the officers concerning the activities of Ellender and Lacoste were justifiably aroused in the course of two days of surveillance, but the defendant and his truck were not seen by the officers until immediately prior to the arrest.
On the night defendant was arrested, the defendant went to Ellender's and Lacoste's house, stayed for an hour or two, drove with Ellender to a convenience store, then dropped Ellender off near the rented car. While the defendant was attempting to leave, the officers arrested the defendant. Their decision to arrest the defendant rested on the following facts:
1. An informer with no previous record of providing information which had led to arrests or convictions (but whose allegations of suspicious but not unlawful conduct by Lacoste and Ellender was substantiated) alleged that the defendant supplied marijuana to Lacoste and Ellender from the toolbox of his brown pick-up truck.
2. Defendant Mendoza in fact did drive a brown pick-up truck with a toolbox on the back.
3. Mendoza drove Ellender, who had been engaged in suspicious conduct, to a car in a public parking lot and dropped him off.
Defendant's driving with Ellender to a convenience store and dropping him off at a public parking lot is not conduct "inconsistent with innocent pursuits" and does not constitute probable cause for arrest. Even when viewed together with the verified portions of the informant's allegations, i. e., that Mendoza drove a brown pick-up truck with a toolbox on the back, a reasonably cautious police officer would not be justified in concluding that the defendant had committed or was committing an offense. State v. Marks, supra; State v. Sarrazin, 291 So.2d 393 (La.1974). While the officers may have been justifiably suspicious of defendant, "mere suspicion is not enough to justify an arrest." State v. Thomas, supra; State v. Ranker, 343 So.2d 189 (La.1977); State v. Randolph, 337 So.2d 498 (La.1976).
The state's only justification for the warrantless search and seizure was that it was purportedly made incidental to a lawful arrest. Inasmuch as the arrest was made unlawfully, the attendant search and seizure was also unlawful. Any evidence produced as a result of an illegal search and seizure is tainted and thus inadmissible under the state and federal constitutions. United States Constitution, Amendment IV, Louisiana Constitution of 1974, Article I Sec. 5, Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); State v. Fearn, 345 So.2d 468; State v. Ranker, supra. Therefore we hold that the *143 trial court erred in denying defendant's motion to suppress.

Decree
For the reasons assigned, the judgment on the motion to suppress is reversed, and the motion is granted. Defendant's conditional guilty plea is set aside, the conviction reversed, and the case remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
SUMMERS, C. J., and MARCUS and BLANCHE, JJ., dissent.