PER CURIAM.
On the evening of November 2, 1977, police officers concluded two days of surveillance with the arrest of three men suspected of trafficking in marijuana. The seizure of cocaine and marijuana led to the filing of various charges against the three, including possession with intent to distribute marijuana, La.R.S. 40:966, against defendant and possession of cocaine, La.R.S. 40:967, against co-participant Roger Mendoza. After the denial of his motion to suppress evidence, defendant pleaded guilty to attempted possession with intent to distribute, reserving his right to appeal from the adverse ruling. See, State v. Crosby, 338 So.2d 584 (La.1976). Thereafter, the court sentenced him to serve three years at hard labor, but suspended the sentence and placed defendant on probation with the special condition that he submit to drug testing and pay a $300 fine.
Roger Mendoza’s appeal, also taken following a conditioned plea, preceded defendant’s by several months and resulted in a *380 reversal on the issue presented here, viz., the legality of the seizure of narcotics. For the reasons assigned in State v. Mendoza, 376 So.2d 139 (La.1979), we reverse defendant’s conviction and sentence. Absent the information provided by the informant, which we found unreliable, the officers had at best only a mere suspicion that criminal activity was about to take place. Those suspicions could not justify probable cause for the full arrest that occurred. State v. Thomas, 349 So.2d 270 (La.1977).
Accordingly, the defendant’s conviction and sentence are reversed and the case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED: REMANDED FOR FURTHER PROCEEDINGS.
SUMMERS, C. J., retired, acting as Justice ad hoc, dissents.
MARCUS and CALOGERO, JJ., dissent and assign reasons.