395 So.2d 733 (1981)
STATE of Louisiana
v.
Alfred G. NIETO.
No. 80-K-1937.
Supreme Court of Louisiana.
March 2, 1981.
*734 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Leon Cannizzaro, Asst. Dist. Attys., for plaintiff-relator.
James L. Cannella, Metairie, for plaintiff-respondent.
CHIASSON, Justice Ad Hoc.[*]
Defendant, Alfred G. Nieto, was charged by bill of information on July 10, 1980, with possession with intent to distribute a controlled dangerous substance, to wit: Methaqualone, a violation of La.R.S. 40:967. On August 8, 1980, defendant filed a motion to suppress for use as evidence 500 quaalude tablets seized from his vehicle. After a hearing, the trial court granted defendant's motion on August 15, 1980. This Court granted the state's application to review that judgment.
At the hearing on the motion to suppress, the following facts were adduced. New Orleans Police Officer Harry O'Neal testified that on June 23, 1980, he received a call from a reliable confidential informant. The informant, who was said to have supplied accurate information in the past, stated that he had overheard a conversation with the subject named, Danny, of 4217 St. Charles Avenue, and in that conversation learned that the subject named, Alfred, would be arriving at 4217 St. Charles, around 8:00 or 8:30 that night to purchase 500 quaalude tablets. Acting upon this tip, the police proceeded to the St. Charles Avenue address and began a surveillance of the residence. The witness then testified that at about 8:05 p. m., a white sedan arrived in front of the residence; the suspect left the vehicle and entered the house. While the suspect was inside, the police checked the vehicle's registration and learned that it was registered in the name of Alfred Nieto, the defendant. At 9:15 p. m., the suspect, who had arrived empty-handed, exited the residence carrying a red and white plastic bag[1] and drove off. The suspect's car was followed and finally stopped in the 1600 block of St. Charles Avenue; defendant was then arrested. Officer O'Neal testified that the defendant had been allowed to drive away before he was arrested so as not to alert the occupants of 4217 St. Charles Avenue. During his surveillance, Officer O'Neal said that there appeared to have been other transactions at the stakeout and that it was his intention to obtain a search warrant for that dwelling.
After defendant had been stopped and placed under arrest, Officer O'Neal observed the red and white plastic bag on the rear seat of the vehicle. The officer then entered the car, removed the bag, and upon opening it, discovered five clear plastic bags inside, each containing one hundred quaalude tablets.
The search and seizure of the quaaludes was made without a warrant as required *735 by the Fourth Amendment to the United States Constitution and the Louisiana Constitution, Article 1 § 5 (1974). A search conducted without a warrant is per se unreasonable unless it falls within one of the specifically delineated exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Packard, 389 So.2d 56 (La.1980). In a case such as this, the burden is on the state to show that a search is justified by some exception to the warrant requirement. State v. Pomes, 376 So.2d 133 (La.1979); State v. Matthews, 366 So.2d 1348 (La.1978); State v. Franklin, 353 So.2d 1315 (La.1977).
Our initial inquiry is whether there was reasonable grounds to stop the defendant and probable cause to arrest him. If the initial stop was not justified, then the subsequent acts are illegal fruits of the poisonous tree. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1969).
As stated by this Court in State v. Dupart, 383 So.2d 1226 (La.1979):
"* * * The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La.Code Crim.P. art. 215.1, as well as both the federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Chopin, 372 So.2d 1222 (La.1979); State v. Drew, 360 So.2d 500 (La.1978), cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979). Probable cause is not required to justify an investigatory stop; reasonable suspicion is sufficient. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); United States v. Hall, 557 F.2d 1114 (5th Cir. 1977), cert. denied, 434 U.S. 907, 98 S.Ct. 308, 54 L.Ed.2d 195 (1978); State v. Chopin, supra; State v. Drew, supra. Terry v. Ohio and Adams v. Williams approved investigatory stops of individuals based on reasonable suspicion. The standards set forth in Terry and Adams have been applied to the stopping of automobiles based on reasonable suspicion. United States v. Wright, 565 F.2d 486 (8th Cir. 1977), cert. denied, 435 U.S. 974, 98 S.Ct. 1621, 56 L.Ed.2d 67 (1978); United States v. Hall, supra; State v. Rogers, 324 So.2d 403 (La.1975); State v. Weathers, 320 So.2d 892 (La. 1975); State v. Scott, 307 So.2d 291 (La. 1975); State v. Herron, 301 So.2d 312 (La.1974); State v. Jefferson, 284 So.2d 882 (La.1973)."
From the facts of this case, we make the determination that there was more than reasonable suspicion to stop the Nieto vehicle when the officers did.
In State v. Thomas, 349 So.2d 270, 272 (La.1977), this Court sets forth the principles applicable to a warrantless arrest:
"A warrantless arrest, no less than an arrest pursuant to a validly issued warrant, must be based on probable cause. State v. Ranker, 343 So.2d 189 (La.1977); State v. Jackson, 337 So.2d 508 (La.1976); State v. Scott, 320 So.2d 538 (La.1975); State v. Terracina, 309 So.2d 271 (La. 1975); State v. Odom, 292 So.2d 189 (La. 1974). Probable cause exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); State v. Marks, 337 So.2d 1177 (La.1976); State v. Randolph, 337 So.2d 498 (La.1976); State v. Gilmore, 323 So.2d 459 (La.1975); State v. Wood, 262 La. 259, 263 So.2d 28 (1972). While the officer need not have sufficient proof to convict, mere suspicion is not enough to justify an arrest. State v. Ranker, supra; State v. Randolph, supra."

The confidential informant in this case was said to have given the police reliable information in the past that had led to the arrest of a number of narcotic violators.[2]
*736 Officer O'Neal's testimony indicated that the informant had come by his information when he overheard a conversation with the resident of the St. Charles Avenue dwelling where the drug deal was supposed to occur. Additionally, Officer O'Neal observed a suspect arrive by vehicle at the appointed time and enter the residence. A check of the vehicle's registration revealed that it was in fact registered to an individual with the first name of Alfred as the informant's tip had specified.
The mere observation of the defendant driving up to the residence and exiting it with a plastic bag appears to have been conduct consistent with innocent pursuits, State v. Mendoza, 376 So.2d 139 (La.1979) and would not appear alone to constitute probable cause to arrest. However, the combination of (1) the informant's asserted prior reliability, (2) the fact that the information was learned by directly overhearing the participants and was thus credible, and (3) that the tip was substantiated by police observation establishes to this Court that probable cause did in fact exist for the arrest. We determine that a reasonably cautious police officer under these circumstances was justified in concluding that the defendant had committed or was committing an offense and was not merely suspicious.
Since the arrest was based on probable cause, our next determination is whether the seizure of the plastic bag from the back seat of the car falls within one of the specifically delineated exceptions to the warrant requirement. Coolidge, supra. Packard, supra. Under the facts of this case, we find the "automobile emergency exception" as outlined by the United States Supreme Court in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) and by this Court in State v. Guzman, 362 So.2d 744 (La.1978) to be applicable to this case.
As stated by this Court in Guzman, supra, at page 748:
"* * * The cases set out two conditions that must be satisfied before a warrantless search of a movable vehicle is authorized: (1) there must be probable cause to believe that the vehicle contained contraband or evidence of a crime; and (2) there must be `exigent circumstances' requiring an immediate warrantless search, i. e., the impracticability of obtaining a warrant due to the possibility that the car could be moved either by its occupants, if not arrested, or by someone else. An immediate warrantless search is, therefore, constitutionally permissible when `the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained.' Chambers v. Maroney, supra, 399 U.S. at 51, 90 S.Ct. at 1981, 26 L.Ed.2d at 428."
In this case, the officers, based upon their observation of the defendant removing the bag from the dwelling and upon the corroborated information received from a reliable confidential informant, were justified in concluding that the bag and its contents were evidence of a crime.
In addition, the police were faced with exigent circumstances requiring that they either seize and hold the vehicle before presenting the probable cause issue to a magistrate or carry out an immediate search without warrant. Exigency here consists of the fact that the vehicle was on a public street, that it may have been moved or the evidence lost, stolen or secreted away. This appears to have been a genuine threat given the involvement of a number of individuals in the alleged drug dealings. Since the alternatives of an immediate search or holding the vehicle until magistrate approval are constitutionally equivalent, Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the officers' warrantless search in this case was reasonable under the circumstances.
We likened this case to the facts in Guzman, supra, and find that under that ruling the search and seizure of this red and white plastic bag was permissible. In Guzman, *737 the police had to search the car and eventually found a brown paper bag taped under the dashboard. We find the Guzman decision to be controlling under the facts of this case and hold that the warrantless search and seizure of the evidence in this case was justified.
The decision of the trial court granting defendant's motion to suppress is reversed and set aside, and the case is remanded to the trial court for further proceedings in accordance with law and in a manner not inconsistent with this opinion.
REVERSED AND REMANDED.
NOTES
[*] Judges Covington, Chiasson and Lear of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Associate Justices Calogero, Marcus, Dennis and Blanche.
[1] The bag apparently was not a clear bag and could not be seen through, but was instead a colored plastic draw string shopping bag which concealed its contents from the officers.
[2] See State v. Roach, 322 So.2d 222 (La.1975) where this Court indicated its acceptance of similar proof of reliability without requiring a more thorough showing or requiring that prior information has led to convictions.