479 So.2d 641 (1985)
STATE of Louisiana
v.
Ricky B. STERLING.
No. 85 KA 0598.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
Writ Denied February 21, 1986.
Bryan Bush, Dist. Atty., Baton Rouge by Karen Godwin Asst. Dist. Atty., for plaintiff-appellee.
Michele Fournet, Public Defenders' Office, Baton Rouge, for defendant-appellant.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
The defendant, Ricky B. Sterling, was charged by bill of information with distribution of pentazocine in violation of LSA-R.S. 40:967 A and pled not guilty. Subsequently, he filed a Motion to Suppress Physical Evidence as the product of an illegal search. After a hearing, the motion was denied. Thereafter, the bill of information was amended to charge defendant with possession of pentazocine under LSA-R.S. 40:967 C. Defendant pled guilty to this reduced charge, reserving his right to appeal the denial of his motion to suppress. See State v. Crosby, 338 So.2d 584 (La. 1976). He was sentenced to imprisonment *642 at hard labor for three years. The prison term was suspended; and defendant was placed on supervised probation for two years with various conditions not pertinent here.
Defendant now appeals, urging as his sole assignment of error the denial of his motion to suppress physical evidence. He alleges that there was no probable cause to support his detention and search by police officers.
The state submitted the testimony of three witnesses to support a finding of probable cause. Only one witness, Officer Stanley Bihm of the Baton Rouge City Police, actually testified at the hearing on the motion. However, the transcript of the preliminary examination was submitted on the motion as an offering of the testimony of Ms. Donna Parker and Officer Mack Gibson of the Baton Rouge City Police. The testimony of the three witnesses was consistent and established the following circumstances surrounding the search.
Officer Gibson received a telephone call about drug dealing in the area of 38th and Cain Streets in Baton Rouge and set up a surveillance of the area on the evening of April 14, 1983. Officer Gibson was positioned in a parked car about one-half block south of Cain Street. Officer Bihm was in another unit in the vicinity.
At about 6:00 p.m., Officer Gibson observed two black females walk past his vehicle. One of the females, Ms. Parker, reached into her pocket, brought out some money, and counted it. The two continued to walk toward Cain Street and stopped at the intersection of 38th and Cain, near a gasoline station. Defendant walked up to them. Officer Gibson observed Ms. Parker hand defendant the money, and defendant then hand something to her. Officer Gibson was not previously acquainted with either party to the transaction and could not see what defendant gave Ms. Parker.
Officer Gibson advised Officer Bihm (presumably by radio) that "a drug deal was going down...." Officer Bihm arrived at the scene to detain Ms. Parker, while Officer Gibson apprehended defendant at the intersection of 39th and Cain Streets.
Ms. Parker admitted that she had purchased drugs from defendant, as observed by Officer Gibson. Money and other drugs were later found on defendant's person.
Defendant's sole contention on appeal is that probable cause was lacking for the arrest, rendering the subsequent search of his person illegal.
The state bears the burden of proving the admissibility of evidence seized during a search without a warrant. LSA-C.Cr.P. art. 703(D). A search conducted without a warrant is per se unreasonable under the Fourth Amendment to the United States Constitution, subject only to a few specifically established and well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Shepherd, 470 So.2d 608 (La.App. 1st Cir.1985). One such exception to the rule is that a search may be conducted without a warrant when it is an incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Shepherd, supra.
A peace officer may lawfully arrest a person without a warrant when he has reasonable (probable) cause to believe that the person to be arrested has committed an offense. LSA-C.Cr.P. art. 213. Probable cause to arrest exists when the detaining officer has articulable knowledge of particular facts sufficient to reasonably suspect the detained person of criminal activity and thus justify an infringement on his constitutionally protected right of freedom from governmental interference. State v. Buckley, 426 So.2d 103 (La.1983). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Buckley, supra; State v. Shepherd, supra.
All of the information in the possession of police is to be considered in the determination of whether or not probable cause existed for the arrest. State v. Buckley, *643 supra. The quantity and quality of evidence needed for probable cause are measured by lesser standards than those for conviction of the defendant at trial. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); State v. Buckley, supra. Although mere suspicion cannot justify an arrest, the officer does not need proof sufficient to convict. State v. Shepherd, supra.
The nature of the area of suspected criminal activity is relevant to a determination of probable cause. See State v. Buckley, supra. The reputation of an area is an articulable fact upon which a police officer may legitimately rely. State v. Buckley, supra. See United States v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Such so-called high crime areas are places in which the character of the area gives color to conduct which might not otherwise arouse the suspicion of an officer. State v. Buckley, supra.
Defendant specifically relies upon State v. Herbert, 351 So.2d 434 (La.1977), and State v. Thomas, 349 So.2d 270 (La.1977), as being factually similar to the case sub judice and as supporting his argument that probable cause did not exist. In Herbert, the Louisiana Supreme Court found that probable cause was not established on the basis of observation of the passing of an object between admitted narcotics addicts followed by the passing of an object to a woman who fled at the sight of police. In Thomas, the Louisiana Supreme Court again found that probable cause did not exist based upon the observation of defendant carrying an object wrapped in tinfoil, quickening his pace upon seeing plain clothes officers, and passing the object to a woman in a car, who wedged it behind the car's door handle.
Both cases are readily distinguishable from the case sub judice, in which the transfer of the object was accompanied by the transfer of money. In Herbert and Thomas, the police merely observed the transfer of objects. Herein, the officer observed the exchange of an object for cash money, elevating the occurrence to that of a monetary transaction, consistent with the theory of a "drug deal."
Moreover, the area in which the cash transaction occurred is well-known for drug traffic. While the witnesses herein did not testify as to the notoriety of the area, we cannot be unmindful of the fact that the intersection of 38th and Cain Streets in Baton Rouge is a notorious drug-trafficking area, referred to by local residents as "the shooting gallery." See State v. Pautard, 470 So.2d 596 (La.App. 1st Cir.1985). We feel compelled to take judicial notice of the conditions prevailing at that location. See LSA-R.S. 15:422(6).
Officer Gibson observed a monetary transaction between a man and woman, in which the woman gave cash money to the man and was handed an unidentified object in return. The transaction took place at 6 o'clock in the evening at a public intersection which is highly notorious for illegal drug-trafficking. These particular facts provided Officer Gibson with articulable knowledge sufficient to reasonably suspect defendant of criminal activity, and, therefore, probable cause existed for the arrest and subsequent search of defendant incident thereto. The trial court did not err in denying defendant's motion to suppress.
For the above reasons, defendant's contention is without merit, and the judgment and sentence of the trial court are affirmed.
CONVICTION AND SENTENCE AFFIRMED.