1JAMES C. GULOTTA, Judge Pro Tern.
Defendant appeals his conviction and sentence for attempted possession of cocaine with intent to distribute. He argues that the evidence should have been suppressed; the trial judge failed to articulate reasons for the sentence; and the trial judge failed to inform him of the delay for filing an application for post conviction relief.
We hold that the evidence should have been suppressed. Accordingly, we reverse the defendant’s conviction and sentence.

Facts

At the motion to suppress hearing, Officer Stanley Morlier testified that he set up a surveillance in response to a tip from a concerned citizen that a black male named Stanley was dealing drugs out of a particular house on Jena Street. He saw about ten to fifteen people visit the house. On cross-examination, Officer Morlier said he did not see any of those people engage in a drug transaction and did not see money or drugs exchange hands.
la About three days later, he saw the defendant enter the house with a key. The defendant exited the house carrying a Taco Bell bag, placed the bag in the bed of a truck, entered the passenger seat of the truck and left. On cross-examination, Morlier said that he did not see the defendant or any other occupant of the truck enter into a drug transaction. Officer Morlier then “initiated a traffic stop” of the truck.
On cross-examination, he said there were “some traffic violations on the truck as well as I wanted to check out the bag that was thrown out into the back of the truck.” Officer Morlier told the defendant he was under investigation, recovered the bag, and “went right through it as soon as (he) stopped the truck.” The officer began’ filling out an application for a search warrant of the Jena Street residence when the defendant voluntarily made a statement that there was contraband in the house that belonged to him. Upon execution of the warrant, officers recovered cocaine and one hundred dollars in currency. They also seized a beeper and ninety-five dollars from the defendant.
At the trial, Officer Morlier testified that in several surveillances of the Jena Street residence between October 21 and October 25, he observed vehicular and pedestrian traffic stop at the house and engage in “some types of transactions.” The officer did not determine whether the defendant was engaged in those transactions and did not stop the alleged buyers.
At trial, Officer Morlier testified further that when the defendant placed the bag in the back of the truck, he looked around in a suspicious manner. Defendant [¡got into the passenger seat of the truck, which then left. Officer Morlier stopped the truck based on “suspicion of narcotic trafficking.” He testified'that he issued traffic citations, but “they were miss-filed [sic]” and he was unable to produce them. The officer said that he found four “quarter-ounce” packages of cocaine in the bag.
Officer Justin Vitrano testified at trial that he witnessed the defendant’s statement and participated in executing the search warrant at the Jena Street house.
The state and defense stipulated that if criminalist John Palm were called to testify, he would state that the contraband seized from the residence and the four plastic bags containing powder all tested positive for cocaine.

*672
Motion to Suppress

Defendant argues that the cocaine should have been suppressed because the police did not have reasonable suspicion to stop him or probable cause to search the Taco Bell bag. Prior to trial, the trial judge granted defendant’s motion to suppress. A different panel of this Court, with one judge dissenting, granted the state’s application for writs. State v. Harris, unpub., 96-1958 (La.App. 4 Cir. 12/11/96), 686 So.2d 185. The majority stated:
The facts recited above show that the police who stopped the truck had a reasonable suspicion that the defendant was in possession of drugs. Once they stopped the truck the police had probable cause to conduct a warrantless search of the truck.
The majority did not explain the basis for the probable cause to search the truck and the bag.
h Great deference should be accorded to an appellate court’s pre-trial decision on admissibility unless it is apparent in light of the subsequent trial record that the decision was patently erroneous and produced an unjust result. State v. Carey, 609 So.2d 897, 898 (La.App. 4th Cir.1992), citing State v. Humphrey, 412 So.2d 507 (La.1982) (on rehearing) and State v. Moran, 584 So.2d 318 (La.App. 4th Cir.), writ den. 585 So.2d 576 (La.1991). The appellate court’s prior decision of admissibility on a pre-trial writ does not absolutely preclude a different decision on appeal. State v. Carey, 609 So.2d at 898, citing State v. Johnson, 438 So.2d 1091 (La.1983).
In Carey the trial court denied the defendant’s motion to suppress and this Court considered the admissibility of the evidence in a pre-trial writ application. We held that reasonable suspicion for an investigatory stop of the defendant’s automobile existed and that the evidence was properly seized under the plain view doctrine. The defendant was convicted and on appeal argued that the evidence should have been suppressed. After considering testimony from the hearing on the motion to suppress and from trial, this Court’s appeal panel held that there was no reasonable cause to stop the vehicle and that the Court’s decision on the pre-trial writ was patently erroneous. The Court reversed the conviction and sentence, granted the motion to suppress, and remanded for further proceedings.
Based on Carey and the cases cited therein, we consider the defendant’s argument on the motion to suppress.
Under La.C.Cr.P. art. 215.1, an officer may stop a person in a public place “whom he reasonably suspects is committing, has committed, or is about to commit an offense....” Reasonable suspicion must be based on “particular articulable facts and circumstances known to the officer at the time the individuals approached.” State v. Sneed, 95-2326, p. 3 (La.App. 4 Cir. 9/11/96), 680 So.2d 1237, 1238, writ den. 96-2450 (La.3/7/97), 689 So.2d 1371.
Under the automobile exception of the warrant requirement, an officer may conduct an immediate warrantless search of a vehicle if there is probable cause to believe that it contains contraband and exigent circumstances exist. State v. Tatum, 466 So.2d 29, 31 (La.1985).
State v. Nieto, 395 So.2d 733 (La.1981) held that police corroboration of a detailed tip from a reliable informant gave the officers probable cause to stop and arrest the defendant and probable cause to believe that a bag that the defendant placed on the front seat of the car contained cocaine. The informant in that case told police that “Alfred” would be at a specified address at a certain time to purchase a large quantity of drugs from “Danny.” During surveillance of the residence, a vehicle registered to “Alfred Nieto” arrived, and the driver entered the residence empty-handed. Officers saw what appeared to be a drug transaction involving the house, and the man exited the house with a bag, which he placed in the car. The officers followed, then stopped the man. They seized the bag from the front seat and found cocaine inside. The search and seizure were upheld. Id. at 736-737.
In State v. Scull, 93-2360 (La.App. 4 Cir. 6/30/94), 639 So.2d 1239, writ den. 94-2058 (La.11/11/94), 644 So.2d 391, a reliable confidential informant told police that “Raul” im *673 ported cocaine from Florida, stored it at one address, and sold it from a different address. Police established surveillance of the first (storage) address, and a vehicle with a Florida license plate arrived. The occupants carried something into the residence, drove to the second address, and one of the occupants placed something into the glove compartment. The officers searched the feglove compartment and found money with traces of contraband on it. Unlike State v. Nieto, supra, the police did not confirm the identity of the occupants of the car and did not observe suspicious activity. This Court held that there was reasonable suspicion to stop the vehicle but not probable cause to believe that the glove compartment contained drugs. State v. Scull, 639 So.2d at 1243.
In the instant case, the informant gave Officer Morlier a general tip that “Stanley” was selling drugs from a particular residence. The informant did not provide a detailed description of Stanley and did hot say that Stanley was moving drugs from one location to another. During his surveillance, Officer Morlier did not see the defendant engage in a suspected transaction or' other criminal activity. Officer Morlier saw the defendant enter the residence with a key but did not confirm that his name was Stanley. The occupants of the car were not seen in a drug transaction. At the hearing on the motion to suppress, Officer Morlier testified that he stopped the truck for traffic violations and because he wanted to check the contents of the bag in the back of the truck. He said that he opened the bag as soon as he stopped the vehicle. At trial, Officer Morlier testified that he stopped the truck based on suspicions of narcotics trafficking. He said he issued citations (he thought one was for driving without a back windshield) but he was unable to produce them.
Even if Officer Morlier had reasonable cause to stop the vehicle based on a traffic violation, there was no probable cause to believe the bag contained contraband. The officer did not receive a detailed tip, did not see the defendant engage in a suspected drug transaction, and did not confirm the defendant’s identity. Moreover, when the defendant saw the police, he did not react by attempting to flee or to conceal anything.
^Considering the absence of a factual basis for the search and seizure of the bag, we conclude that this Court’s decision in the pretrial writ application on the motion to suppress was patently erroneous. Accordingly, we conclude that the trial judge properly granted the motion to suppress. Therefore, we reverse the defendant’s conviction. Having so concluded, the remaining assignments of error are not considered.
REVERSED AND REMANDED.