277 So.2d 744 (1973)
Gaetano L. CASTRIOTTA
v.
Alwynn J. CRONVICH, Sheriff For the Parish of Jefferson, State of Louisiana, et al.
No. 5451.
Court of Appeal of Louisiana, Fourth Circuit.
April 25, 1973.
Rehearing Denied June 5, 1973.
*745 Rudolph R. Schoemann, New Orleans, for plaintiff-appellant.
Cronvich & Wambsgans, A. W. Wambsgans, Metairie, for defendants-appellees.
Before REGAN, BOUTALL and SCHOTT, JJ.
REGAN, Judge.
The plaintiff, Gaetano L. Castriotta, filed this suit against the defendants, Alwaynn J. Cronvich, Sheriff for the Parish of Jefferson and two of his deputies, Arthur C. Thoede and John Davis, endeavoring to recover the sum of $275,100.00 for personal injuries, lost wages, humiliation and embarrassment, resulting from what he asserts was an illegal, unprovoked and unnecessary beating and assault by the two deputy sheriffs which occurred in the plaintiff's home on the night of March 5, 1969.
The defendants answered and explained therein that they drove to the plaintiff's residence in response to a complaint by his wife concerning a battery committed upon her, and that the plaintiff, shortly after their arrival, without cause of provocation, menacingly moved toward one of them and threatened their physical well-being. They then asserted that after they placed the plaintiff under arrest he continued his assault and battery upon both deputies and struck Thoede in the head.
Following a trial on the merits, judgment was rendered in favor of all defendants dismissing the plaintiff's suit at his cost. From that judgment, the plaintiff has prosecuted this appeal.
The record discloses that on the evening of March 5, 1969, the plaintiff remained at home with his children while his wife ostensibly went bowling. She returned late that night and a marital dispute developed between them with respect to her activities and her marital fidelity. The plaintiff slapped his wife's face and pushed her. She then retired to her bedroom and telephoned the Jefferson Parish Sheriff's office.
Shortly thereafter, at the invitation and with the consent of Mrs. Castriotta, the defendants, Deputy Thoede and Deputy Davis entered the plaintiff's home. They *746 listened to plaintiff's wife relate to them what had occurred, and during her narrative, the plaintiff interrupted on several occasions and eventually cursed the defendants and ordered them to leave. Deputy Thoede requested him to lower his voice and refrain from using obscene language, while at the same time assuring the plaintiff that they would depart as soon as they had completed their discussion with his wife.
The deputies again endeavored to interview his wife, during which time the plaintiff remained in the room with his arms folded and assumed a belligerent attitude. He was again advised to keep calm, but before the deputies' admonition could produce the desired effect, the plaintiff again uttered a vulgarity, unfolded his arms and turned toward Deputy Thoede. Thoede then placed the plaintiff under arrest and sought to take him into custody by holding his arm. The plaintiff swung his right hand and hit Deputy Thoede on his police helmet. A scuffle ensued, with the plaintiff continuing to fight and to resist the deputies. Deputy Davis attempted to render aid to Thoede, and after a short period of subduement, Davis used his slap stick to strike the plaintiff on the forehead. This blow caused him to become stunned, and Deputy Thoede then used a chemical spray to complete the plaintiff's apprehension.
The plaintiff then fell to the floor together with the two deputies and continued to scream, curse, kick, and to resist their effort to handcuff him.
Eventually, after having successfully handcuffed the plaintiff, the deputies were forced to carry him to their car since he refused to walk. He was taken immediately to what is designated as the Westbank Lockup where he was booked by other police personnel.
These events occurred in plaintiff's living room in the dead of the night at a time when the residential neighborhood in which he lived was exposed to his screaming, cursing and loud and boisterous behavior.
LSA-R.S. 14:103 provides that one is guilty of disturbing the peace by using any unnecessarily loud, offensive, or insulting language in such manner as would forceably disturb of alarm the public. The penalty provided in this statute is a fine of not more than $100.00 and/or imprisonment for not more than 90 days, thus clearly making it a misdemeanor. The record reveals that this misdemeanor was in fact committed in the presence of the two defendant deputies, and that they arrested the plaintiff immediately upon the commission of the crime. Under these circumstances, the arrest was authorized by virtue of Article 213 of the Code of Criminal Procedure.
Turning our attention to the plaintiff's complaint of being brutally beaten in the course of the arrest, the trial judge in his reasons for judgment pointed out that the plaintiff did incur two fractures of the transverse process of the vertebrae and certain bruises and contusions about his head and shoulders. However, the evidence preponderated to the effect that the plaintiff provoked the injuries by his pugnacious actions and that because of the resistance to his arrest offered by the plaintiff the deputies did not go beyond reasonable physical subdual considering all of the circumstances of the case.
The foregoing elucidation reveals that only questions of fact were posed for the trial court's consideration. The judge thereof obviously accepted the defendants' version of the manner in which the arrest and subdual occurred and, therefore, reasoned that the arrest was proper and that the defendant deputies did not use undue force, in view of the facts developed herein, in order to effect the arrest.
The significant question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence adduced herein so as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging *747 in a protracted discussion of the voluminous testimony contained in the record or by endeavoring to reconcile the respective litigants' version of the manner in which the arrest and subdual occurred. The trial judge accepted the defendants' version thereof and our analysis of the record convinces us that the evidence preponderates in their favor and that the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiff is to pay all costs incurred herein.
Affirmed.