324 So.2d 382 (1975)
STATE of Louisiana
v.
Joseph K. TARVER.
No. 56718.
Supreme Court of Louisiana.
December 8, 1975.
Rehearing Denied January 16, 1976.
*383 E. B. Dittmer, II, Dittmer & Yeager, Alexandria, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., L. Paul Gianfala, Asst. Dist. Atty., for plaintiff-appellee.
BOLIN, Justice.
Relator was arrested on April 29, 1975, and charged by bill of information with knowingly and intentionally possessing a controlled dangerous substance, to-wit, marijuana, with intent to distribute, a violation of La.R.S. 40:966. Before the date set for trial, relator filed a motion to suppress the evidence seized on the ground that it was the fruit of an illegal search and seizure. Following a hearing, the trial court refused to suppress the evidence, holding no search warrant was required and the evidence was thus legally obtained. Defendant sought and was granted writs by this Court to examine the circumstances surrounding the warrantless search.
On the evening of April 28, the day before relator was arrested, he was visited by an undercover agent for the state police who requested that relator meet him the next morning at a convenience store to complete a sale of marijuana. After relator had agreed to sell the marijuana, the undercover agent told the police officers and a scheme to arrest relator was devised. The agent agreed to leave from the convenience store with relator in his car, drive to a particular bowling alley and, if relator had marijuana with him, the agent was to feign loss of control of his car in front of the bowling alley; police officers would then stop the car, seize the marijuana and arrest relator.
When the agent picked up relator the following day, relator brought marijuana with him. As planned, the agent was stopped by the police officers near the bowling alley, arrested, removed from his car and placed in the police car. The agent testified he told the arresting officer relator had marijuana in his boot.
The arresting officer ordered relator to get out of the car and then searched his person. When the officer felt in relator's boots, he found bags of marijuana. Without removing the marijuana, the officer then handcuffed relator and placed him in the police car. He waited until another officer arrived; they removed the marijuana from relator's boots and searched under the seat of the car, where they found more marijuana. No search warrant was obtained.
When a police officer has probable cause to believe that a person has committed a felony or is committing a misdemeanor, he may arrest the suspect without a warrant. This clearly was the case here, as the undercover agent's signal did give the arresting officer probable cause to believe the relator was at least possessing marijuana at the time.
*384 La.C.Cr.P. Art. 201 defines arrest as follows:
"Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restrain may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him."
We find that when the arresting officer ordered relator to get out of the car, the detention constituted an arrest.
This brings us to the question of whether the arrest conformed to the requirements of La.Const. Art. 1, § 13:
"When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel. * * *"
It is well settled that evidence obtained as a result of a constitutionally infirm arrest is inadmissible at trial, Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), based upon the theory that the evidence is the "fruit of the poisonous tree."
Relator argues that because he was not informed as required by La.Const. Art. 1, § 13, the search conducted in connection with the arrest is tainted. In this case relator learned of the reason for his arrest at the scene almost contemporaneously with the arrest. We find the constitutional mandate was satisfied.
We hold the police officers had probable cause to arrest relator, that the search of relator's person was incident to a lawful arrest, and that the search of the area under the seat of the undercover agent's car was with the consent of the owner. The searches were therefore legal.
The ruling of the trial court refusing to suppress the evidence is correct. Accordingly, the writ and stay order heretofore issued are recalled.