STOKER, Judge.
The plaintiffs, Jake Crater and his wife Delores, are suing for damages which arose from an injury which they allege Delores received at the hands of policemen of the Lake Charles City Police as the officers forced entry into the Crater apartment.
On the evening of May 10, 1977, Jake Crater was observed by Officer Bertrand, of the Lake Charles Police Department, running a stop light, speeding, and generally driving in a reckless manner. Crater drove to the Fleur de Leis Apartments with Officer Bertrand in pursuit. He parked his car in a parking lot adjoining the apartments, got out and began walking towards the apartment in which he and his family lived. The testimony paints basically the following picture of what ensued after Officer Bertrand arrived at the Fleur de Leis Apartments. As Crater was walking to his apartment, Bertrand attempted to discuss with him the traffic violations just committed. A fight ensued between Bertrand and Crater, who was obviously intoxicated, and, after further scuffling, Crater eventually entered his apartment. Officer Bertrand then radioed for assistance, and two other officers soon arrived at the scene. These reinforcements, Officers Boudreaux and Herpin, along with Bertrand, positioned themselves around the entrance to Mr. Crater’s apartment and knocked on the door. Delores Crater, wife of Jake Crater, came to the door. The officers informed Mrs. Crater that they wished to talk to the man who just entered the apartment. She requested that they wait at the door while she went to wake him. There is dispute in the testimony as to how many times Mrs. Crater came to the door and exactly what conversations and actions resulted, but it is clear that she continued to give the policemen excuses to delay their entrance and apprehension of Mr. Crater. Finally, after Mrs. Crater had returned to the door and was again refusing admission to the policemen, Officer Boudreaux stopped the door as she was closing it and entered the apartment. These occurrences surrounding the police entry into the apartment are the facts upon which the suit is based, and, as is so often the case in suits of this nature, there is direct conflict in the testimony. Officer Boudreaux led the way into the apartment, and Officers Herpin and Bertrand followed. Mrs. Crater claims that she was knocked sprawling across the living room, hitting her back on a back corner of a couch and sustaining very serious injuries, for which she had several major operations. According to the policemen involved, Officer Boudreaux had simply moved Mrs. Crater aside and entered the apartment with no significant use of force and no resulting collision with the couch.
There are numerous inconsistencies in the testimony. Although it seems at times that *625 the parties are describing different incidents, instead of the same one, the major issues in this case are clear. There is no question that Mrs. Crater had a serious back problem which has required several surgical procedures. The issues in question are whether the injury occurred through the actions of the Lake Charles City Police officers involved here, and if their actions did cause Mrs. Crater’s injury, whether they were using unreasonable force, thus subjecting the City of Lake Charles to liability for the resulting damages. The trial court rendered judgment rejecting plaintiffs’ demands at their cost, and this appeal resulted.
The opinion of the trial court centered around the question of whether the police officers used reasonable force against Delores Crater in making their arrest of her husband. Appellant in his specifications of error argues that: “The trial court erred in holding that the standard of care relative to Police Officers in making an arrest is the same for third persons as it would be for the arrestee himself”. We agree with the trial judge in his rejection of this argument of plaintiff-appellant.
The arrest in this case, although made without a warrant is perfectly valid under Louisiana Code of Criminal Procedure article 213. It is well recognized that if police are in “hot pursuit” of someone who they believe has just committed a crime, they may enter a residence without a warrant. State v. Phillips, 347 So.2d 206, (La. 1977); State v. Franklin, 353 So.2d 1315 (La. 1977). Our major concern here is, of course, the force used against Delores Crater by the policemen entering her apartment. Although this is a civil case, the trial court used Articles 220 and 224 of the Louisiana Code of Criminal Procedure (we think properly so) to define the standard of care for the officers in this case. These articles provide:
Art. 220. Submission to arrest; use of force
A person shall submit peaceably to a lawful arrest. The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also, to overcome any resistance or threatened resistance of the person being arrested or detained.
Art. 224. Forcible entry in making arrest
In order to make an arrest, a peace officer, who has announced his authority and purpose, may break open an outer or inner door or window of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, where the person to be arrested is or is reasonably believed to be, if he is refused or otherwise obstructed from admittance. The peace officer need not announce his authority and purpose when to do so would imperil the arrest.
Our Supreme Court in Kyle v. City of New Orleans, 353 So.2d 969 (La. 1977) elaborated on this “reasonableness test” as applied to police using force in making an arrest.
Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case. A court must evaluate the officers’ actions against those of ordinary, prudent, and reasonable men placed in the same position as the officers and with the same knowledge as the officers.
We have now determined the proper standard of care for police officers for ar-restees as outlined in both statutes and jurisprudence. What should the standard of care be for police officers for third persons involved in the arrest? As pointed out above, appellant in his specifications of error, argues that “The trial court erred in holding that the standard of care relative to Police Officers in making an arrest is the same for third persons as it would be for the arrestee himself”.
We have found no statutory guidance or substantial jurisprudence to help us find the proper test of reasonableness toward third persons. The First Circuit has held in Picou v. Terrebonne Parish Sheriff’s Office, *626 343 So.2d 306 (La.App. 1st Cir. 1977) that “The use of force when necessary to effect an arrest is a legitimate police function, whether such force is directed against the person arrested or one interfering with the arrest”. For this proposition, the court cited Castriotta v. Cronvich, 277 So.2d 744 (La.App. 4th Cir. 1973); Taylor v. City of Baton Rouge, 233 So.2d 325, at 330 (La.App. 1st Cir. 1970). Neither of these cases cited for the above proposition even discuss the standard of force policemen should exercise against third persons. In the present case, however, this court chooses to follow the rules stated by the First Circuit in Picou and apply the same standard for arrestees as for third persons’ behavior.
As discussed above, under Code of Criminal Procedure articles 220 and 224 and the jurisprudence, the police actions toward Jake Crater were proper. If the same standard is to be applied in dealing with Delores Crater, as we think it should be, then the actions of the police toward her would be considered reasonable, also.
In Kyle, supra, our Supreme Court said, in speaking of the force used by police in making an arrest, “The degree of force employed is a factual issue.” The court continued, “As such, the trial court’s finding is entitled to great weight.” The trial court in the present case concluded “that the actions of the police officers at the time was not excessive or unreasonable as to the arrestee, Mr. Crater or to Mrs. Crater as well.”. We give this factual finding of the trial court the great weight it should be accorded. The record establishes that the finding is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.