GULOTTA, Judge.
In this writ application, relator seeks to set aside the trial judge’s order granting defendant’s motion to suppress.
In a search of defendant’s residence pursuant to a warrant, contraband was seized and defendant was charged with possession with intent to distribute marijuana and possession with intent to distribute methaqua-lone. The application for the search warrant contained information supplied by a confidential informant and police surveillance of defendant’s residence.
The defendant subsequently filed a motion to suppress the evidence obtained in the search on the grounds that the search was made in the absence of probable cause and consent, and that the objects seized were not in plain view.
To protect persons against unreasonable searches and seizures, no search warrant shall issue without probable cause supported by oath or affirmation. LSA-Const. Art. 1, § 5. Probable cause must be demonstrated to the issuing magistrate by the affidavit of a credible person “reciting facts establishing the cause for issuance of the warrant.” LSA-C.Cr.P. Art. 162.
In the instant case, the trial judge granted the motion to suppress after reasoning that the requirements of an affidavit for a search warrant set forth in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) were not satisfied. The Aguilar requirements are that the magistrate be informed of some of the underlying circumstances on which the informant based his conclusion, and of some of the underlying circumstances from which the officer concluded the informant was “credible” and the information “reliable”.
The Louisiana Supreme Court in State v. Paciera, 290 So.2d 681, 685 (La.1974) required an affidavit based on hearsay to “set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him.” See also State v. Mosley, 412 So.2d 527 (La.1982), where reference is made to the “basis of knowledge” and “veracity” tests.
The trial judge in our case held that Aguilar’s requirements were not satisfied because the affidavit sets forth “no time limit” when the information had led to other arrests and convictions; sets forth no underlying facts to show the reliability of the informant; and indicates the police officers had been unable, during surveillance, to observe directly the entrance to defendant’s apartment and could not ascertain that the suspicious activities (regarding persons coming and leaving the building) actually came from his apartment.
We share the trial court’s concern as expressed in his oral observations. Nonetheless, the affidavit in our case states the informant purchased methaqualone at defendant’s residence within the preceding three days, and knew defendant had a large quantity of methaqualone which sold for *799 $2.00 per unit. This statement provides the underlying circumstances from which the informant concluded drugs were located at defendant’s residence. See State v. Mosley, supra.
The assertion of a purchase, in addition to the statements in the affidavit — 1) that the informant knew the defendant had a large quantity of methaqualone, and was selling the drugs, 2) that the informant had supplied reliable information to the officers in the past, and 3) that the informant believed the defendant had been charged with distribution of cocaine (which proved to be accurate) — supports the reliability of the information. See State v. Gilbert, 354 So.2d 508 (La.1978); State v. Stephenson, 387 So.2d 1111 (La.1980).
Under these circumstances, we conclude the affidavit met the Aguilar requirements and established probable cause. Accordingly, the trial court’s order granting the motion to suppress is rescinded and set aside. The matter is remanded to the trial court for further proceedings.
ORDER GRANTING MOTION TO SUPPRESS RESCINDED AND SET ASIDE. REMANDED.