GULOTTA, Judge.
Defendant pled guilty to possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966, but reserved his right to appeal[1] from the denial of his motion to suppress a search warrant for lack of probable cause.
At the hearing on the motion, the State submitted the matter on the “four-corners” of the application, which includes the following affidavit by Police Officer William Murray:
“On or about 3-8-82 at about 440 pm on the corner of Louisiaia [sic] and Caron-delet, Officers in a plain unmarked car observed a transaction of the purchase of marijuana. Officers observed a subject named Steven Bargky sell a small amount of marijuana to two Spanish male subjects: Jose Pinero and Ernesto Blon-val. The subject Bargky, a negro male, was observed entering the building, 3418 Carondelet, then within a few minutes he exited the building motioning to the two Spanish male subjects to approach him. The Spanish male subjects approached Bargky and Bargky passed a object to Blonval who placed the object in his right front pocket. The Spanish male Blovnal [sic] then paid Bargky in U.S. Currency ($20.00) of which Officers observed pass hands between Bargky and Blovnal [sic]. Officers then effected an arrest. Officers advised the subjects of their rights and all were transported to the Second District station. Bargky waived his rights and told officers that he purchased the marijuaba [sic] from a subject named D.J. Star, producing a yellow printed card with a phone number 891-8794 printed on the face. Bargky stated he did knew [sic] the apartment he bought the marijuana from but he did not know the address. Bargky stated it was apartment 6 and he described the building as being two story and tan in color. Bargky described the subject he bought the marijuana from as being black male, 5'11", 150 to 160 pounds.
“Officers checked the residence book for the address 3418 Carondelet which is a beige house on the corner of Louisiana and Carondelet. The phone number is registered to a Winston St. Hill. A NOPD compiter [sic] check of 3418 Car-ondelet Apt. 6, revealed a George ST. Hill [sic] negro male, 10-24-52, 6', 187 pounds, with a criminal record of criminal damage to property, attempt-burglary [sic], distrubing [sic] the peace, and two counts *397 of resisting an officer, resides there as of 2-23-82.
“Officers request a search warrant be signed and a search approved of 3418 Carondelet Apt 6, outbuildings and curt-lage [sic]”.
Execution of the warrant resulted in the seizure of drugs and paraphernalia in defendant’s apartment and his arrest.
Defendant claims the affidavit does not contain the affiant’s personal observations but only uncorroborated hearsay statements of unnamed police officers and the informant, Steven Bargky. Defendant further argues there are no underlying circumstances to show this informant was credible or knew drugs were in defendant’s apartment.[2] Alternatively, he contends that Bargky’s arrest was illegal and that his hearsay statements in poljce custody were likewise tainted, under the theory of the “fruit of the poisonous tree”. We disagree.
At the outset, we are not persuaded by defendant’s argument that the affiant had no personal knowledge of the information supporting the application for the warrant. In determining whether probable cause exists, affidavits are to be read in a “commonsense and realistic manner”. State v. Mena, 399 So.2d 149 (1981); State v. Guidry, 388 So.2d 797 (La.1980); see dissent at 400 So.2d 898 (La.1981). When we read the affidavit, we are led to conclude that the affiant was one of the officers who observed the transaction. Although it can be contended that the recurring use of the word “officers” in the affidavit refers to unnamed policemen, a more reasonable, commonsense interpretation of the application in its entirety is that this term includes the affiant Murray and is merely á stylistic device or shorthand term used by him to refer to both himself and his co-officers. We conclude, therefore, the officers referred to in the affidavit, including the affiant himself, were the officers who witnessed the transaction.
Turning now to the complaint that the informant Bargky’s statements were hearsay, we point out that hearsay may serve as the basis for an affidavit provided it sets forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and his information. See State v. Paciera, 290 So.2d 681 (La.1974); State v. Paquette, 423 So.2d 797 (La.App. 4th Cir.1982).
In this connection, Bargky was arrested for selling marijuana in front of defendant’s apartment building. After being advised of his rights, he furnished police with detailed, first-hand information concerning his purchase of the drug, including descriptions of the location of the sale and the personal appearance of his source. His self-incriminating statements against his penal interests while in police custody thus carried their own “indicia of credibility”. See State v. Mena, supra; State v. Guidry, supra; State v. Mosley, 412 So.2d 527 (La.1982). Furthermore, the accuracy of his information was confirmed by the police officers’ corroborating observation and investigation leading to the name and address of the defendant. In light of all these relevant circumstances, we conclude the issuing judge had a reasonable basis for concluding Bargky’s information was reliable.
We likewise reject defendant’s contention that there were no underlying circumstances reliably indicating drugs could be found in defendant’s apartment. An affidavit need not contain an averment of first-hand information that fruits of the crime will be found at the place to be searched; all that is necessary is that it contain information warranting a reasonable belief that the articles sought might reasonably be expected to be found there. See State v. Guidry, supra.
Although the affidavit does not indicate that Bargky observed a specific quantity of illegal drugs in defendant’s residence, the affidavit does state that he purchased *398 marijuana from an individual fitting the defendant’s description at the apartment. Bargky also produced a “yellow printed card” with a phone number ultimately traced by police to defendant’s surname. These facts give rise to reasonable inferences that defendant was engaged in a continuing drug-selling enterprise, and that some of his inventory was probably located at his residence. We conclude therefore that the affidavit contained sufficient reliable information upon which to believe reasonably that drugs could be found in defendant’s apartment.
Finally, we find no merit to defendant’s arguments that Bargky’s arrest was illegal and that his later statements resulting in the issuance of the search warrant were “fruits of the poisonous tree”. The affidavit recites that the police officers observed Bargky sell a small amount of marijuana to two Spanish male subjects. Under these circumstances, the issuing judge could reasonably interpret the affidavit to mean that the officers had observed and identified the “object” sold by Bargky as marijuana prior to arresting him lawfully for a drug offense in their presence. Because we conclude probable cause existed to arrest Bargky, his subsequent statements in police custody were untainted. Where there is no primary illegality, the “fruit of the poisonous tree” theory does not apply. See State v. Tarver, 324 So.2d 382 (La.1975).
, Having so concluded, we find no error in the trial court’s judgment denying the motion to suppress.
AFFIRMED.

. See State v. Crosby, 338 So.2d 584 (La.1976).

. See Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); State v. Jeffcoat, 403 So.2d 1227 (La.1981); State v. Mosley, 412 So.2d 527 (La.1982).