YELVERTON, Judge.
The plaintiff, Basseruddin Kabir, brought this suit seeking damages for false imprisonment. The City of Lafayette and its mayor, Dud Lastrape, were made defendants. From a judgment in favor of the plaintiff, the defendants appeal. We reverse and render judgment in favor of the defendants dismissing plaintiffs suit.
On May 20, 1985, at about 5:30 in the morning two police officers, James Fail and David Vincent, stopped the plaintiff for operating his motorcycle without an illuminated light. David Gill, another police officer, later joined the other two. The plaintiff was asked to produce his driver’s license and his registration certificate. According to the trial court, plaintiff was unable to produce his motor vehicle registration certificate. One of the officers radioed the dispatcher at the station requesting a computer check on plaintiffs driver’s license number, vehicle identification number, and the license plate number of the motorcycle. The computer report came back that the license plate had been reported stolen. At that point plaintiff was arrested for operating a vehicle without an illuminated headlight and possession of stolen property and taken to the Lafayette Correctional Center where he was booked and placed in a holding cell. Officer Fail filled out the offense report and the affidavit for the warrant of arrest.
At about 6:45 A.M. that morning Officer Vincent again checked the computer printouts. Viewing the printouts Officer Vincent realized that plaintiff was the registered owner of the license plate assigned to the motorcycle even though the computer still indicated the plate was reported stolen. At 7:30 A.M. Officer Vincent, realizing there could have been an error with the printouts, telephoned the State Police to inquire about the printout. The State Police told him that the old license plate registered to the vehicle had been reported stolen as well as the new plate. The State Police informed him that when the new number was entered into the computer they may have inadvertently entered it as stolen along with the old plate. Officer Vincent then telephoned the Correctional Center and was informed plaintiff was in the process of bonding out. Plaintiff was released between 9:30 and 10:00 A.M. on May 20, 1985. Officer Vincent felt that plaintiff and the District Attorney’s office would straighten the matter out. On May 23, 1985, four days after plaintiff’s arrest, the District Attorney’s office refused to accept the charges.
After hearing the evidence the trial court determined that the initial arrest was unreasonable and that at 7:30 A.M. Officer Vincent had sufficient exculpatory information to have released plaintiff and relieved him of his charge. We disagree with both conclusions.
The issues on appeal are whether the trial court erred in finding that the arrest was unreasonable and in finding that Officer Vincent was unreasonable in his failure to release the plaintiff subsequent to checking the computer printout.
False imprisonment occurs when one is arrested and restrained against his will by another who acts without a warrant or other statutory authority. Johnson v. State through Dept. of Public Safety, 451 So.2d 104 (La.App. 3rd Cir.1984), writ denied, 457 So.2d 15 (La.1984). If a police officer acts pursuant to statutory authority in arresting and incarcerating a person, there is no false arrest or imprisonment. See Johnson, supra.
In the instant case the authority for arresting plaintiff is derived from C.Cr.P. art. 213 which provides in pertinent part:
“A peace officer may, without a warrant, arrest a person when:
******
*466 (3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; ”
As this court stated in Johnson v. Dept. of Public Safety, supra:
“Reasonable cause to believe the person arrested has committed an offense exists when the facts and circumstances within the arresting officer’s knowledge, and of which he has reasonable trustworthy information, are sufficient to justify an average man of caution in the belief that the person to be arrested has committed or is committing an offense. Richard v. State, through Department of Public Safety, supra; State v. Phillips, 347 So.2d 206 (La.1977). Whether reasonable cause exists is in the first instance a substantive determination to be made by the trial judge from the facts and circumstances of the case. State v. Drew, 360 So.2d 500 (La.1978).”
In the present case we find that the trial court committed manifest error in concluding that the police officers did not have reasonable cause to believe plaintiff had committed an offense. The computer printout revealed that plaintiffs license plate had been listed as stolen. The dispatcher informed the officers of this fact. There was no evidence to the contrary except for plaintiff's denials. Without the need for further discussion, it is quite clear that the arresting officers acted properly in making the arrest and charges in view of the fact that the license plate was listed as stolen. See Firstley v. Bill Watson Ford, Inc., 268 So.2d 314 (La.App. 4th Cir.1972) for a similar factual situation.
We also find the trial court erred in concluding that Officer Vincent, after checking with the dispatcher and State Police, should have immediately caused the charges to be dismissed and the plaintiff released. Officer Fail instituted criminal prosecution by filing an affidavit charging plaintiff with possession of stolen property, a violation of R.S. 14:69. C.Cr.P. art. 385. Effecting the dismissal of the charge is under the authority of the District Attorney’s office, and not the police department. La.Const. Art. 5, § 26(B) and R.S. 16:1. See also Firstley v. Bill Watson Ford, Inc., supra. In the present case the District Attorney’s office refused the charge against plaintiff four days later.
For the reasons assigned the judgment of the trial court is reversed and judgment is rendered in favor of the defendants, City of Lafayette and Bud Lastrape, the Mayor of the City of Lafayette, and against the plaintiff, Basseruddin Kabir, dismissing his suit. All court costs are to be assessed against the appellee.
REVERSED AND RENDERED.